UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER FOSTER,

                Plaintiff,

-against-

DAVID MUIR; ABC WORLD NEWS,

                Defendants.

21-CV-3711 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in Toledo Correctional Institution in Toledo, Ohio, brings this action *pro se*.[1] Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Foster v. ORDC*, No. 2:19-CV-1576, 2 (S.D. Ohio Apr. 30, 2019), *report & recommendations adopted*, No. 2:19-CV-1576, 9 (S.D. Ohio June 24, 2019). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

That order identified the follow actions as strikes: *Foster v. City of Cincinnati*, No. 1:14-CV-0617 (S.D. Ohio June 22, 2015) (action dismissed for failure to state a claim); *Foster v. State of Ohio*, No. 1:14-CV-0668 (S.D. Ohio Nov. 3, 2014) (action dismissed for failure to state a claim); *Foster v. Hamilton Cnty.*, No. 1:14-CV-0642 (S.D. Ohio Oct. 20, 2014) (action dismissed for

---

[1] Plaintiff originally filed this action in the United States District Court for the Southern District of Ohio. *See Foster v. Muir*, No. 1:21-CV-0252 (S.D. Ohio Apr. 26, 2021). By order dated April 26, 2021, Magistrate Judge Stephanie K. Bowman transferred the action to this Court. (ECF 2.)

failure to state a claim); *see also Foster v. Trump*, No 3:20-CV-0532, 16 (N.D. Ohio Sept. 29, 2020) (action dismissed for failure to state a claim).[2]

Although Plaintiff has filed this new action seeking IFP status, the complaint does not show that Plaintiff is in imminent danger of serious physical injury.[3] Instead, Plaintiff invokes provisions of the Americans with Disabilities Act of 1990, and alleges that Defendants broadcasted allegedly false information and "interfered" with the fundraising efforts of a "movement" with which Plaintiff is affiliated. (*See* ECF 1, at 2-3.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule.[4] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[5] *Id.*

---

[2] Other district courts have also determined that Plaintiff has accumulated three strikes and is therefore barred under § 1915(g) from proceeding IFP. *See Foster v. Perry*, No. 1:18-CV-0247, 2018 WL 7572334 (S.D. Ohio May 10, 2018) (recognizing Plaintiff is barred under 1915(g)); *Foster v. State of Ohio*, No. 1:16-CV-0920, 4 (S.D. Ohio Oct. 11, 2016) (same); *Foster v. State of Ohio*, No. 3:15-CV-2256, 10 (N.D. Ohio Feb. 11, 2016) (same).

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[4] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[5] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 11, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

vexatious litigants, including "leave of court" requirement).